IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 07 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____naa_____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CR 25-402 D |
| -vs- | ) | |
| | ) | |
| KE YUAN, | ) | Violations: 21 U.S.C. § 846 |
|   a/k/a Jessica, | ) | 21 U.S.C. § 856(a)(2) |
| GUANG YANG, and | ) | 21 U.S.C. § 841(a)(1) |
| ZHUO GUO, | ) | 18 U.S.C. § 1956(h) |
| | ) | 18 U.S.C. § 982(a)(1) |
| Defendants. | ) | 21 U.S.C. § 853 |
| | ) | 28 U.S.C. § 2461(c) |

# INDICTMENT

The Federal Grand Jury charges:

## INTRODUCTION

1. In 2018, Oklahomans voted in favor of State Question 788, which authorized the State of Oklahoma's medical marihuana program ("Oklahoma's MMP"). Oklahoma's MMP created the comprehensive regulatory framework governing the cultivation and distribution of marihuana for medicinal purposes within Oklahoma.

2. Manufacturing and distributing marihuana remained illegal under Oklahoma law for those who did not abide by Oklahoma's MMP, including for those who did not legally obtain the proper commercial grower licenses and registrations with the State of Oklahoma. Similarly, Oklahoma's MMP limited marihuana possession to those holding medical marihuana licenses and restricted the amounts a license-holder could possess.

3. At all times relevant to the Indictment, however, marihuana remained a

Schedule I controlled substance under federal law; as such, its manufacture and distribution was prohibited by the Controlled Substances Act.

4. Oklahoma's MMP was largely governed by the Oklahoma Medical Marihuana and Patient Protection Act, which set forth the legal requirements for persons seeking licenses to participate in the medical marihuana industry, including Oklahoma Medical Marihuana Authority ("OMMA") commercial grower licenses ("OMMA licenses"). Under Oklahoma's MMP, an individual could not own and operate a marihuana grow unless he or she had first received an OMMA license. At all times relevant to the Indictment, applications for OMMA licenses had to be complete and accurate in every detail, and all applications had to show that at least seventy-five percent (75%) of all members, managers, executive officers, partners, board members, or any other form of business ownership were Oklahoma residents.

5. Prior to August 31, 2019, applicants for OMMA licenses could establish Oklahoma residency by providing proof of residency, such as an Oklahoma driver's license, a residential property deed, or a residential lease. On August 31, 2019, that requirement was modified to require the applicant to provide proof of Oklahoma residency for at least two years immediately preceding the date of application or five years of continuous Oklahoma residency during the 25 years immediately preceding the date of application.

6. Additionally, all commercial growers were required to apply for and obtain a registration with the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control ("OBN registration") prior to commencing operation, i.e., growing marihuana.

7. In the years following the passage of Oklahoma's MMP, the OMMA granted more than 9,000 commercial grow licenses. Many of these commercial grows were established fraudulently, with their owners making false representations on applications for OMMA licenses and OBN registrations. Sometimes the true owners falsely stated that they were Oklahoma residents. Other times, the true owners did not list themselves on these applications and instead listed third parties who had no relationship to or controlling interest in the grow operation. This "straw ownership" scheme resulted in numerous individuals, including illegal aliens and foreign nationals, as well as U.S. citizens of states other than Oklahoma, illegally receiving OMMA licenses and OBN registrations and operating marihuana grows. In addition to being established fraudulently, many of these illegal marihuana grows supplied the black market, sending marihuana both out of state and out of the country.

## COUNT 1
### (Drug Conspiracy)

From in or about June 2022, the exact date being unknown to the Grand Jury, and continuing through on or about October 7, 2025, in the Western District of Oklahoma and elsewhere,

------------------------------------------- KE YUAN,
        a/k/a Jessica,
       GUANG YANG, and
       ZHUO GUO -------------------------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with each other and others, both known and unknown to the Grand Jury, to interdependently manufacture, distribute, and possess with intent to distribute 1,000 kilograms or more of a

3

mixture or substance containing a detectable amount of marihuana and 1,000 or more marihuana plants, both Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1. During the period of the conspiracy, **KE YUAN, GUANG YANG,** and **ZHUO GUO** worked together and with other co-conspirators to establish marihuana grows in Oklahoma in violation of Oklahoma's MMP by evading licensing requirements to obtain OMMA licenses and OBN registrations. They then operated these marihuana grows, in violation of both state and federal law, manufacturing marihuana for sale. **KE YUAN, GUANG YANG,** and **ZHUO GUO** worked with co-conspirators to illegally distribute marihuana, generating drug proceeds to fund the continued operation of the marihuana grows and to enrich the members of the conspiracy. Unlawful drug proceeds were transported in bulk form out of state, filtered into bank accounts and other financial systems, and used to purchase luxury items such as vehicles, watches, and real estate.

2. To promote the objectives of the conspiracy, **KE YUAN** and **GUANG YANG** helped set up illegal grows in the names of "straw owners." For instance, in June 2022, **KE YUAN** approached an individual requesting that they agree to pose as the 75% owner of a marihuana grow, essentially acting as a "straw owner" of the grow. The individual declined the offer and reported this information to OBN agents. On or about June 24, 2022, two undercover OBN agents met in person with **KE YUAN** to discuss the

same issue. During that meeting, **KE YUAN** asked these undercover agents if they would act as straw owners and represented that she had already set up such an illegal grow via this scheme in Chandler, Oklahoma.

3. Records revealed that **KE YUAN** had in fact set up marihuana grows in at least three locations: 4252 North South 375 Road, Atwood, Oklahoma; 890645 S. 3390 Road, Chandler, Oklahoma; and 2150 S. Midwest Boulevard, Guthrie, Oklahoma, with **KE YUAN** owning the underlying real estate and controlling the operation of the grow under the guise of a "straw owner."

4. **KE YUAN** then worked with others, generally referred to herein as unindicted co-conspirators, to oversee the day-to-day operation of the grows. Because the grows were not properly licensed, every marihuana plant produced and sold was done so in violation of both state and federal law. **ZHUO GUO** participated in those day-to-day operations as well. For example, on April 4, 2024, **ZHUO GUO** was arrested while transporting 55 pounds of black-market marihuana toward Oklahoma City from the area of **KE YUAN's** grow in Chandler, Oklahoma.

5. Additionally, the co-conspirators transported bulk cash drug proceeds out of Oklahoma which were then deposited into bank accounts, ultimately furthering the activity of the conspiracy. For example, on August 12, 2024, **GUANG YANG** and **ZHUO GUO** transported $180,000.00 in United States currency through Will Rogers World Airport and on September 9, 2024, **GUANG YANG** transported $494,000.00 in United States currency through the same airport.

The Grand Jury hereby incorporates the allegations contained in Counts 2 through

4 as if set forth in full herein.

All in violation of Title 21, United States Code, Section 846, the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

## COUNT 2
### (Maintaining a Drug-Involved Premises)

From in or about June 2022, through the date of this Indictment, in the Western District of Oklahoma,

------------------------------------------- **KE YUAN,**
**a/k/a Jessica,** -------------------------------------

knowingly and intentionally managed and controlled 890645 S. 3390 Rd, Chandler, Oklahoma, as an owner, and knowingly and intentionally rented, leased, profited from, and made available for use said place for the purpose of unlawfully manufacturing and distributing marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2), the penalty for which is found at Title 21, United States Code, Section 856(b).

## COUNT 3
### (Maintaining a Drug-Involved Premises)

From in or about June 2022, through the date of this Indictment, in the Western District of Oklahoma,

------------------------------------------- **KE YUAN,**
**a/k/a Jessica,** -------------------------------------

knowingly and intentionally managed and controlled 2150 S. Midwest Boulevard, Guthrie, Oklahoma, as an owner, and knowingly and intentionally rented, leased, profited from, and

made available for use said place for the purpose of unlawfully manufacturing and distributing marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2), the penalty for which is found at Title 21, United States Code, Section 856(b).

## COUNT 4
### (Possession of Marihuana with Intent to Distribute)

On or about April 4, 2024, in the Western District of Oklahoma,

------------------------------------------- **ZHUO GUO** -------------------------------------------

knowingly and intentionally possessed with intent to distribute a quantity of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(D).

## COUNT 5
### (Money Laundering Conspiracy)

From in or about November 2023, the exact date being unknown to the Grand Jury, and continuing thereafter through on or about June 19, 2025, in the Western District of Oklahoma and elsewhere,

------------------------------------------- **KE YUAN,**
**a/k/a Jessica, and**
**GUANG YANG** -------------------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with each other and with others, both known and unknown to the Grand Jury, to interdependently conduct financial transactions affecting interstate commerce and foreign commerce in violation of Title 18, United States Code, Section 1956(h), namely, (i) to knowingly

7

conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is the felonious buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both specified unlawful activities, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1.  During the period of the conspiracy, **KE YUAN, GUANG YANG,** and **ZHUO GUO** received bulk cash proceeds from the distribution of marihuana as well as payments in the form of money orders and cashier's checks.

2.  Although the marihuana grows associated with **KE YUAN, GUANG YANG,** and **ZHUO GUO** reported sales in excess of $9,000,000.00, it is common for black market marihuana traffickers to report only a small portion of their actual sales. In an effort to conceal the nature, origin, and ownership of the criminal proceeds derived from their marihuana businesses, **KE YUAN** and **GUANG YANG** maintained at least four bank accounts at East West Bank (among other financial accounts), including East West Bank

account number XXXXXX9526, East West Bank account number XXXXXX2838, East West Bank account number XXXXXX8155, and East West Bank account number XXXXXX1822. Despite little legal reported income, these accounts facilitated millions of dollars of transactions, involving the proceeds of illegal marihuana transactions by means of cash deposits, cashier's check deposits, money orders, wire transfers and other methods. Once in these accounts, these funds were moved from account to account in an effort to conceal the source of the funds. Funds in these accounts were frequently used to purchase real estate, high value luxury jewelry, vehicles and other items.

The Grand Jury incorporates by reference all statements and allegations contained in Counts 1 through 4 inclusive, as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE**

The allegations contained in this Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1, 2, and 3 of this Indictment, **KE YUAN** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of the offense alleged in Count 5 of this Indictment, **KE YUAN** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to a money judgment

9

representing the proceeds obtained as a result of the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **KE YUAN** shall forfeit any other property belonging to the defendant, up to the value of the property described above which were obtained by the defendant as a result of the offenses, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Upon conviction of the offense alleged in Count 1 this Indictment, **GUANG YANG** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Upon conviction of the offense alleged in Count 5 of this Indictment, **GUANG YANG** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to a money judgment representing the proceeds obtained as a result of the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **GUANG YANG** shall forfeit any other property belonging to the defendant, up to the value of the property described above which were obtained by the defendant as a result of the offenses, if, by any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon

the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Upon conviction of any of the offenses alleged in Counts 1 and 4 this Indictment, **ZHUO GUO** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

The property subject to forfeiture includes, but is not limited to:

1. real property located at 4252 North South 375 Road, Atwood, Oklahoma, legally described as:

    Parcel 1

    The North Half of the North Half of the West Half of the Northwest Quarter of the Southwest Quarter (N/2 N/2 W/2 NW/4 SW/4) of Section Thirty-five (35), Township Six (6) North. Range Nine (9) East of the Indian Meridian, Hughes County, Oklahoma, more particularly described as follows: Beginning at the Northwest corner of the Southwest Quarter of said Section 35; thence East along the North line of said Southwest Quarter on a grid bearing of N 89'04'14" E a distance of 659.90 feet, thence S 00"53'50" E along the East line of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 331.30 feel; thence S 89'03'01" W along the South line of the North Half of the North Half of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 659.89 feet: thence N 00' 53'53" W along the West line of said Southwest Quarter a distance of 331.53 feet to the point of beginning.

    Parcel 2

The South Half of the North Half of the West Half of the Northwest Quarter of the Southwest Quarter (S/2 N/2 W/2 NW/4 SW/4) of Section Thirty-five (35). Township Six (6) North, Range Nine (9) East of the Indian Meridian, Hughes County, Oklahoma, more particularly described as follows: Commencing at the Northwest corner of the Southwest Quarter of said Section 35; thence S 00'53'53" E along the West line of said Southwest Quarter a distance of 331,53 feet to the point of beginning: thence continuing S 00'53'53" E along the West line of said Southwest Quarter a distance of 331.53 feet; thence N 89'01'47" E along the South line of the South Half of the North Half of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 659.89 feet; thence N 00'53'50" W along the East line of the West Half of the Northwest Quarter of the Southwest Quarter a distance of 331.30 feet; thence S 89'03'01" W along the North line of the South Half of the North Half of the West Half of the Northwest Quarter of said Southwest a distance of 659.89 feet to the point of beginning.

Parcel 3

The North Half of the South Half of the West Half of the Northwest Quarter of the Southwest Quarter (N/2 S/2 W/2 NW/4 SW/4) of Section Thirty-five (35), Township Six (6) North, Range Nine (9) East of the Indian Meridian, Hughes County, Oklahoma, more particularly described as follows: Commencing at the Northwest corner of the Southwest Quarter of said Section 35; thence S-00°53'53" E along the West line of said Southwest Quarter a distance of 663.06 feet to the point of beginning; thence continuing S 00'53"53" E along the West line of said Southwest Quarter a distance of 331.53 feet; thence N 89°00'33" E along the South line of the North Half of the South Half of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 659.86 feet; thence N 00°53'50" W along the East line of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 331.30 feet; thence S 89'01'47" W along the North line of the North Half of the South Half of the West Half of the Northwest Quarter of said Southwest Quarter a distance of 659.89 feet to the point of beginning,

      and a mobile home thereon;

2. real property located at 890645 S. 3390 Road, Chandler, Oklahoma, legally described as:

> The North Half of the Southeast Quarter (N1/2 SE1/4) of Section Three (3), Township Fourteen (14) North, Range Three (3) East of the Indian Meridian, Lincoln County, Oklahoma, LESS AND EXCEPT the Northwest Quarter of the Northwest Quarter of the Southeast Quarter (NW1/4 NW1/4 SE 1/4) thereof,

as well as a 1977 Lancer 60x40 mobile home and a 2022 CMHM 26X56 mobile home bearing VIN BL2008487TXAB and title number 810011973955, both thereon;

3. real property located at 2150 S. Midwest Boulevard, Guthrie, Oklahoma, legally described as:

> TRACT ONE
>
> A tract of land in the Southwest Quarter (SW/4) of Section Fourteen (14), Township Sixteen (16) North, Range Two (2) West of the Indian Meridian, Logan County, Oklahoma, more particularly described as follows: Commencing at the Southwest Corner of the Southwest Quarter (SW14} of Section 14, Township 16 North, Range 2 West of the Indian Meridian, Logan County, at a found iron rod, said point is the point of beginning; thence North 00°18'15" West along the Section line a distance of 329.50 feet, more or less, to a found 3/8" iron rod; thence South 89°45'45" East along the South boundary of Four Creeks Estates a distance of 1161.50 feet, more or less, to a set 3/8" iron rod; thence South 00°18'06" East a distance of 329.26 feet, more or less, to a set 3/8" iron rod; thence North 89°48'28" West a distance of 1161.50 feet, more or less, to the point of beginning.
>
> AND
>
> TRACT TWO
>
> The South 20 acres of Southwest Quarter (SW/4) of Section Fourteen (14), Township Sixteen (16) North, Range Two (2) West of the Indian Meridian, Logan County, Oklahoma, LESS

>AND EXCEPT A tract of land in the Southwest Quarter (SW/4) of Section Fourteen (14), Township Sixteen (16) North, Range Two (2) West of the Indian Meridian, Logan County, Oklahoma, more particularly described as follows: Commencing at the Southwest Corner of the Southwest Quarter (SW14) of Section 14, Township 16 North, Range 2 West of the Indian Meridian, Logan County, at a found iron rod, said point is the point of beginning; thence North 00°18'15" West along the Section line a distance of 329.50 feet, more or less, to a found 3/8" iron rod; thence South 89°45'45" East along the South boundary of Four Creeks Estates a distance of 1161.50 feet, more or less, to a set 3/8" iron rod; thence South 00°18'06" East a distance of 329.26 feet, more or less, to a set 3/8" iron rod; thence North 89°48'28" West a distance of 1161.50 feet, more or less, to the point of beginning,

and a 2023 mobile home thereon;

4. real property located at 11320 S. Santa Fe Ave., Edmond, Oklahoma, legally described as:

>A tract of land in the Northwest Quarter (NW/4) of the Southwest Quarter (SW/4) of Section Twenty-two (22), Township Fifteen (15) North, Range Three (3) West of the Indian Meridian, Logan County, Oklahoma, more particularly described as follows: Commencing at the Southwest Corner of said Section 22; thence North 00°58'41" West along the West line of said Southwest Quarter a distance of 2311.40 feet to the point of beginning; thence continuing North 00°58'41" West along the West line of said Southwest Quarter a distance of 330.20 feet to the Northwest Corner of said Southwest Quarter; thence North 89°44'43" East along the North line of said Southwest Quarter a distance of 666.71 feet; thence South 00°54'32" East a distance of 330.08 feet; thence South 89°44'07" West a distance of 666.31 feet to the point of beginning.

5. all funds in East West Bank account number XXXXXX1822;

6. all funds in East West Bank account number XXXXXX2838;

7. all funds in East West Bank account number XXXXXX9526;

8. approximately $36,058.00 in U.S. currency, and any and all interest accrued thereon; and

9. approximately $494,000.00 in U.S. currency, and any and all interest accrued thereon.

All pursuant to Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

THOMAS B. SNYDER
Assistant United States Attorney